**LAW OFFICES OF SANTOS GOMEZ**
SANTOS GOMEZ (Bar No. 172741)
  santos@lawofficesofsantosgomez.com
DAWSON MORTON (Bar No. 320811)
  dawson@lawofficesofsantosgomez.com
1003 Freedom Boulevard
Watsonville, California 95076
Telephone: (831) 228-1560

**ADVOCATES FOR WORKER RIGHTS LLP**
MARCO A. PALAU (Bar No. 242340)
  marco@advocatesforworkers.com
JOSEPH D. SUTTON (Bar No. 269951)
  jds@advocatesforworkers.com
ERIC S. TRABUCCO (Bar No. 295473)
  est@advocatesforworkers.com
212 9th Street, Suite 314
Oakland, California 94607
Telephone: (510) 269-4200

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA—BAKERSFIELD DIVISION

| | |
|---|---|
| SEBASTIANA MARTINEZ-SANCHEZ, an individual, and EUGENIO ANTONIO-CRUZ, an individual, on behalf of themselves and all other persons similarly situated, the State of California and current and former aggrieved employees,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ANTHONY VINEYARDS, INC., a California Corporation, SYCAMORE LABOR, INC., a California Corporation, and GARZA CONTRACTING, INC., a California Corporation,<br><br>          Defendants. | Civ. Act. No.  1:19-cv-01404-DAD-JLT<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  Violation of the Agricultural and Migrant Worker Protection Act ("AWPA");<br>2.  Failure to Pay Minimum Wages;<br>3.  Failure to Provide Meal Periods, or Pay Premium Wages in Lieu Thereof;<br>4.  Failure to Provide Rest Breaks, or Pay Premium Wages in Lieu Thereof;<br>5.  Failure to Reimburse Expenses;<br>6.  Failure to Furnish Accurate Itemized Wage Statements;<br>7.  Failure to Permit Inspection or Copying of Records;<br>8.  Failure to Timely Pay Final Wages at Resignation or Termination;<br>9.  Unfair Competition Law ("UCL"); and<br>10. Private Attorneys General Act ("PAGA").<br><br>**DEMAND FOR JURY TRIAL** |

SEBASTIANA MARTINEZ-SANCHEZ and EUGENIO ANTONIO-CRUZ ("Plaintiffs"), for themselves and on behalf of other persons similarly situated, and on behalf of the State of California and other aggrieved employees, complain and alleges upon personal knowledge and on information and belief as follows:

## I.   INTRODUCTION

1.      Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring this class action pursuant to Federal Rule of Civil Procedure 23 against Defendant ANTHONY VINEYARDS, INC. ("ANTHONY"), Defendant SYCAMORE LABOR, INC. ("SYCAMORE"), and Defendant GARZA CONTRACTING, INC. ("GARZA") on behalf of themselves and all other similarly situated non-exempt agricultural employees who performed field and vineyard work in the production of table grapes—including, but not limited to, tasks such weeding, pruning, de-leafing, tipping, harvesting, picking, and packing—at Anthony Vineyards in California (collectively referred to as the "Class" or "Class Members") during the period four (4) years prior to the filing of the initial complaint in this action through the date of this action's final disposition (hereinafter "Class Period").  Plaintiffs bring this class action to recover unpaid wages, interest, statutory damages and civil penalties based on Defendants' violation of Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. 1801 *et seq.*, and California law.

2.      During the Class Period, Defendants systematically violated Federal and California law by maintaining policies and practices that fail to provide agricultural workers with the protections of AWPA and California's Labor Code.  At all times relevant to this action, Defendants violated numerous provisions of AWPA and the California Labor Code by establishing, maintaining and enforcing unlawful compensation and payroll practices and policies including, but not limited to, the following: failing to compensate Plaintiffs and the Class for all hours worked at the applicable minimum and/or contractual wage rates; failing to provide meal periods or pay premium wages in lieu thereof; failing to provide paid rest breaks or pay premium wages in lieu thereof; failing to reimburse for all necessary business expenses; failing to allow the inspection or copying of employment records; failing to furnish timely each pay period accurate itemized statements separately stating, among other things, total hours worked, piece rate units earned, gross wages earned at all

applicable hourly and/or piece rates, separate pay for rest breaks and/or nonproductive time, and all used, available and accrued paid sick days; and failing to pay all wages owed within the timeframes required for resigned or terminated employees.

3.      Plaintiffs allege that Defendants practices, which violate the AWPA and the California Labor Code, constitute predicate unlawful and unfair business practices in violation of California's Unfair Competition Law (hereinafter "UCL"), California Business & Professions Code sections 17200 *et seq.* Plaintiffs further complain that Defendants' violation of state and federal labor laws are unlawful acts which have afforded Defendants an unfair competitive advantage. Pursuant to that statutory scheme, Plaintiffs seek restitution, injunctive remedies barring those practices, and reasonable attorneys' fees and costs pursuant to, inter alia, California Labor Code sections 226(e) & (h), 1194(a), 1198.5(l), 1695(a)(5), 1695.7(c)(2) & (c)(4), 2802(b)-(c), and 2810(g)(1)-(2) and California Code of Civil Procedure section 1021.5.

4.      Plaintiffs also allege a representative action against Defendants pursuant to the California Private Attorneys General Act (hereinafter "PAGA"), California Labor Code sections 2698 *et seq.*, seeking civil penalties on behalf of themselves, the State of California, and other aggrieved employees (including all non-exempt employees) situated in California (hereinafter referred to as the "PAGA Workforce"). Pursuant to Labor Code section 2699.3, Plaintiffs are statutorily authorized to act on behalf of the State of California to enforce the state's labor and employment laws and collect civil penalties because they have given written notice to the Defendants and the LWDA of the alleged California Labor Code and Wage Order violations, and the facts and theories supporting those violations. Plaintiffs seek to hold Defendants and other persons who violated or caused violations of the California Labor Code and Wage Orders liable for civil penalties owed to the State of California, Plaintiffs, and the PAGA Workforce.

5.      At all times relevant to this action, Defendants' conduct has been willful and in reckless disregard of the rights of Plaintiffs and Class members. On information and belief, Defendants have been on notice of the alleged illegalities, but have deliberately continued the illegal timekeeping and payroll practices alleged in this suit. This action is brought not only to recover wages owed, but also to enforce federal and state labor laws, restore ill-gotten gains and deter

1  Defendants from further illegal conduct.  Plaintiffs seek all remedies available to themselves, to the

2  Class, and to the PAGA Workforce.

3          **II.**  **JURISDICTION & VENUE**

4     6.  This Court has jurisdiction over the subject matter and parties in this action pursuant

5  to the following provisions:

6       a. 28 U.S.C. § 1331 (federal question);

7       b. 29 U.S.C. § 1854(a) (AWPA); and

8       c. 29 U.S.C. § 1367 (Supplemental).

9     7.  This Court also has supplemental jurisdiction over the state law claims under the

10  California Labor Code, and California Unfair Competition Law because they are part of the same

11  case or controversy and are so related to Plaintiffs' federal claims that they share common operative

12  facts regarding Defendants' payroll and timekeeping practices.  Resolving all state and federal claims

13  in a single action serves the interest of judicial economy, convenience, and fairness to the parties.

14     8.  Venue is proper in the United States District Court, Eastern District of California

15  pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1854(a) because a substantial part of the events

16  and omissions giving rise to Plaintiffs' claims occurred in this District and because the Court has

17  personal jurisdiction of Defendants.

18         **III.** **INTRADISTRICT ASSIGNMENT**

19     9.  This case is properly assigned to the Bakersfield Division of this Court because the

20  action arose in Kern County, California and adjacent counties.  E.D. Cal. L.R. 120(d).

21          **IV.**  **PARTIES**

22     10.  Plaintiff SEBASTIANA MARTINEZ-SANCHEZ is a seasonal agricultural worker

23  within the meaning of 29 U.S.C. § 1802(10), and has been employed—by Defendant ANTHONY at

24  all times throughout the Class Period, by Defendant GARZA from approximately 2015 to 2017, and

25  by Defendant SYCAMORE since approximately 2017—on a seasonal basis to work in Defendant

26  ANTHONY'S agricultural fields around Bakersfield, California.

27

28

11.     For each season since 2015 in which Plaintiff MARTINEZ-SANCHEZ has been employed by Defendants, Plaintiff MARTINEZ-SANCHEZ has been laid off at the end of the grape harvest season, around November, and hired at the beginning of the thinning season, around April.

12.     Plaintiff EUGENIO ANTONIO-CRUZ is a seasonal agricultural worker within the meaning of 29 U.S.C. § 1802(10), and has been employed—by Defendant ANTHONY at all times throughout the Class Period, by Defendant GARZA from approximately 2015 to 2017, and by Defendant SYCAMORE since approximately 2017—on a seasonal basis to work in Defendant ANTHONY'S agricultural fields around Bakersfield, California.

13.     For each season since 2015 in which Plaintiff ANTONIO-CRUZ has been employed by Defendants, Plaintiff ANTONIO-CRUZ has been laid off at the end of the grape harvest season, around November, and hired at the beginning of the thinning season, around April.

14.     Defendant ANTHONY VINEYARDS, INC. ("ANTHONY") is a California Corporation registered on March 21, 1972, and at all times relevant to this action was doing business in Kern County, California.  The registered California address for Defendant ANTHONY is 5512 Valpredo Avenue, Bakersfield, CA 93307, its agent for service of process at that address is Domenick T. Bianco, and its Chief Financial Officer is Paul Loeffel.

15.     At all times relevant to this action, Defendant ANTHONY employed Plaintiffs and others similarly situated within the meaning of the AWPA, 29 U.S.C. § 1802(5), and operated as a client employer within the meaning of California Labor Code § 2810.3(a)(1)(A).

16.     Plaintiffs and others similarly situated were dependent on Defendant ANTHONY as a matter of economic reality in that ANTHONY owned and/or operated and/or controlled the agricultural lands, the vines, and the equipment on which they worked.

17.     On information and belief, at all times relevant to this action, Defendant ANTHONY owned, controlled, and/or operated a business or establishment that employed persons within the meaning of the Wage Order 14, Defendant ANTHONY employed in excess of twenty-five (25) persons at all relevant times, operated as an employer or joint employer of Plaintiffs and the Class in this case and committed the acts complained of herein in California and in this District.

18.     Defendant ANTHONY is liable for violating or causing the violations alleged herein pursuant to California Labor Code §§ 558 and 1197.1.

19.     Defendant SYCAMORE LABOR, INC. ("SYCAMORE") is a California Corporation registered on March 21, 2017, and at times relevant to this action since approximately 2017 was doing business in Kern County, California.  The registered California address for Defendant SYCAMORE is 5512 Valpredo Avenue, Bakersfield, CA 93307, and its agent for service of process and Chief Financial Officer is Paul Loeffel at the same address.  At all times relevant to this action, Defendant SYCAMORE operated as a farm labor contractor (California License No. FLC000269145) within the meaning of the AWPA, 29 U.S.C. § 1802(7), California Labor Code §§ 1682 & 1683(a), and/or as a labor contractor under California Labor Code § 2810.3(a)(3).

20.     On information and belief, Defendant ANTHONY used Defendant SYCAMORE as its captive labor contractor providing workers to Defendant ANTHONY.  Defendant ANTHONY instructed its crews, including the crew of Plaintiffs and members of the Class working for prior labor contractors, including Defendant GARZA, to transfer to Defendant SYCAMORE as crews employed by Defendant SYCAMORE in the 2017 and subsequent seasons.

21.     Since approximately the 2017 season, Defendant SYCAMORE has served as a farm labor contractor for Defendant ANTHONY in that it recruited, hired, supervised and paid workers for a fee at all times relevant to this action.

22.     Since approximately the 2017 season, Defendant SYCAMORE owned, controlled, and/or operated a business or establishment that employed persons within the meaning of Wage Order 14, operated as an employer or joint employer of Plaintiffs and the Class in this case and committed the acts complained of here in California and in this District.

23.     Defendant SYCAMORE is liable for causing the violations alleged herein pursuant to California Labor Code sections 558 and 1197.1.

24.     Defendant GARZA CONTRACTING, INC. ("GARZA") is a California Corporation registered on December 2, 1999, and at times relevant to this action between approximately 2015 and 2017 was doing business in Kern County, California.  The registered California address for Defendant GARZA is 7832 Weedpatch Highway, Bakersfield, CA 93307, and its agent for service of process is

1  Irma R. Garza.  At times relevant to this action between 2015 and 2017, Defendant GARZA operated

2  as a farm labor contractor (California License No. FLC000182357) within the meaning of the AWPA,

3  29 U.S.C. § 1802(7), California Labor Code §§ 1682 & 1683(a), and/or as a labor contractor under

4  California Labor Code § 2810.3(a)(3).

5          25.     From approximately the 2015 to 2017 seasons, Defendant GARZA served as a farm

6  labor contractor for Defendant ANTHONY in that it recruited, hired, supervised and paid workers for

7  a fee at all times relevant to this action.

8          26.     From approximately the 2015 to 2017 seasons, Defendant GARZA owned, controlled,

9  and/or operated a business or establishment that employed persons within the meaning of Wage Order

10 14, operated as an employer or joint employer of Plaintiffs and the Class in this case and committed

11 the acts complained of here in California and in this District.

12         27.     Defendant GARZA is liable for causing the violations alleged herein pursuant to

13 California Labor Code sections 558 and 1197.1.

14         28.     On information and belief, Plaintiffs allege that there is a unity of interest between

15 Defendant ANTHONY, Defendant SYCAMORE and Defendant GARZA, and that Defendant

16 SYCAMORE and Defendant GARZA acted as agents for Defendant ANTHONY.  On information

17 and belief, all acts alleged to have been committed by Defendant SYCAMORE and Defendant

18 GARZA were committed either with the express authorization of Defendant ANTHONY or were

19 ratified by Defendant ANTHONY.  At all times relevant to this action, each alleged act was

20 committed by Defendants, and/or agents, servants, or employees of Defendants, and Defendants

21 directed, authorized or ratified each such act.

22                         **V.     GENERAL ALLEGATIONS**

23         29.     On information and belief, at all times relevant to this action, Defendants have jointly

24 and severally operated an agricultural operation in Kern County, California.

25         30.     Plaintiffs worked for Defendants as agricultural farm laborers, performing vineyard

26 work for Defendants during the thinning and harvest seasons at various times during the Class Period.

27         31.     On information and belief, at all times relevant to this action, Plaintiffs and members

28 of the Class that were employed by farm labor contractors—including, but not limited to, Defendant

SYCAMORE and Defendant GARZA—to work on Defendant ANTHONY's property were hired at the direction of, controlled, and employed by Defendant ANTHONY.

32. Defendants—specifically, Defendant ANTHONY at all times relevant to this action, Defendant SYCAMORE since approximately 2017, and Defendant GARZA from approximately 2015 to 2017—directed Plaintiffs and members of the Class when to begin and end work, directed them on what days and at what times to report to the worksite, assigned tasks to each employee at the worksite, directed each employee as to when and if they could take rest breaks and meal periods, and established their rate(s) of pay.

33. Defendants, directly or through their agents and/or employees, advised Plaintiffs and the Class that they would be paid both hourly and piece rates during the harvest seasons and an hourly rate at all other times.

34. Defendants, directly or through their agents or employees, advised Plaintiffs and members of the Class that they would be paid on a weekly basis.

35. Defendants' statements to Plaintiffs and members of the Class, along with required postings, and the mandates of California Labor law, formed a working arrangement within the meaning of 29 U.S.C. § 1822 and 29 U.S.C. § 1832.

36. At all times relevant to this action, Plaintiffs and members of the Class were scheduled to work for Defendants six (6) days per week, from Monday through Saturday.

37. On information and belief, at all times relevant to this action, shifts were scheduled to exceed six (6) hours per day, less an automatically deducted thirty (30) minute unpaid meal period, regardless of whether Plaintiffs and members of the Class were, in fact, provided a full thirty (30) minute, uninterrupted meal period.

38. Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to be paid wages for all hours worked.

39. Defendants knew, should have known, or otherwise showed willful and reckless disregard of the fact that Plaintiffs and the Class were not receiving wages for all hours worked.

40.    At all times relevant to this action, Plaintiffs and members of the Class were suffered and permitted to perform off-the-clock work before, during and after their shifts due to Defendants' timekeeping policies and practices.

41.    At all times relevant to this action, Plaintiffs and members of the Class were suffered and permitted to work when reporting to the worksite several minutes early to facilitate Defendants' supervisors and/or crew leaders in taking attendance, making field notes, receiving directions as to how work was to be performed that day, or otherwise preparing tables, boxes, cushions, bags, labels and any other equipment used in the grape picking and grape packing process.

42.    At all times relevant to this action, Plaintiffs and members of the Class were also suffered and permitted to work for several minutes after the start of and before the end of scheduled thirty (30) minute unpaid meal periods.

43.    At all times relevant to this action, Defendants automatically deducted thirty (30) minutes from the daily hour totals of Plaintiffs and members of the Class for meal periods regardless of whether they used, or were permitted, a full thirty minutes for an off-duty meal period.

44.    Defendants' disclosures did not inform Plaintiffs that they would be subject to the loss of thirty (30) minutes of compensable time each day regardless of whether they used such time for a meal period.

45.    At all times relevant to this action, Defendants did not permit Plaintiffs and members of the Class to take full thirty (30) minute uninterrupted and off duty meal periods, as workers performed work activities during the thirty (30) minute unpaid meal period and were required to be at their stations and ready to commence work even if they had not been afforded thirty (30) minutes of off duty meal time.

46.    The time Plaintiffs and member of the Class spent traversing often lengthy rows of grapevines to begin their meal periods and returning in time to be at their work stations by the scheduled return to work time, deprived them of full, duty-free thirty (30) minute meal periods during which they could retrieve their belongings, eat away from the work area, or simply use the restroom.

47.    At all times relevant to this action, Plaintiffs and members of the Class were suffered and permitted to complete their end-of-day work duties, including picking, packing, and cleaning,

after the scheduled end of their shifts as recorded on Defendants' time records.  While Defendants' box-counting procedures caused Plaintiffs and members of the Class to pack boxes to completion after the end of scheduled shifts, Defendants failed to record the time employees were engaged in such work.

48.     Prior to the 2018 season, Plaintiffs and members of the Class were suffered and permitted to leave Defendant ANTHONY's property at the end of workdays with trays and pans used to pick grapes in order to wash them after the scheduled end of their shifts, and Defendants failed to record or compensate employees for the time they were engaged in such work.

49.     Time spent off-the-clock by Plaintiffs and members of the Class before the scheduled start of their shifts, during their thirty (30) minute unpaid meal periods, and after the scheduled end of their shifts, constitutes hours worked that has gone and continues to go unpaid by Defendants.

50.     On information and belief, at all times relevant to this action, Defendants failed to record the accurate start and end time of Plaintiffs' and the Class' work periods.  Specifically, Defendants failed to record the accurate field arrival time and the start of work of Plaintiffs and members of the Class that occurred prior to scheduled shift start times.

51.     At all times relevant to this action, Plaintiffs and members of the Class were denied from taking uninterrupted ten (10) minute rest breaks in which they were entirely relieved of their duties.  On information and belief, at all times relevant to this action, Defendants did not permit Plaintiffs and members of the Class to take a full ten (10) minute off duty rest, as workers performed work activities during the ten (10) minute rest break and were required to be at their stations and ready to commence work even if they had not been afforded a full thirty (10) minutes off duty.

52.     Thus, the time Plaintiffs and members of the Class spent traversing often lengthy rows of grapevines to begin their rest breaks and returning in time to be at their work stations by the scheduled end time, deprived them of lawful ten (10) minute rest breaks during which they could retrieve their belongings, eat away from the work area, or simply use the restroom.

53.     At all times relevant to this action, Plaintiffs and, on information and belief, members of the Class were required to report to work Monday through Saturday.  However, at times relevant to this action, Defendants' crew leaders and/or supervisors sent Plaintiffs and members of the Class

home after reporting to work but before being put to work or being furnished less than half of their usual or scheduled day's work.

54.     On occasions where Defendants' crew leaders and/or supervisors sent workers home after reporting to work but before being put to work or being furnished less than half of their usual or scheduled day's work, Defendants failed to pay Plaintiffs and members of the Class reporting time wages of at least half their usual or scheduled day's work.

55.     At all times relevant to this action, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to receive all meal periods or payment of one additional hour of pay at the regular rate of pay when a meal period was missed, late, or incomplete, and that they did not receive payment of one additional hour of pay at the regular rate of pay when a meal period was missed, late, or incomplete.

56.     Specifically, at all times relevant to this action, Plaintiffs and members of the Class regularly worked in excess of five (5) hours in a day without being provided at least one, timely (within five (5) hours of the start of work) and off duty thirty (30) minute meal period.

57.     At all times relevant to this action, Plaintiffs and, on information and belief, members of the Class were not paid meal period premium wages for late, short or missed meal periods.

58.     On information and belief, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to receive all rest breaks or payment of one additional hour of pay at the regular rate of pay when a rest break was missed or incomplete, and that they did not receive payment of one additional hour of pay at the regular rate of pay when a rest break was missed or incomplete.

59.     Specifically, at all times relevant to this action, Plaintiffs and members of the Class regularly worked in excess of 3.5 hours in a day without being provided an off duty and uninterrupted ten (10) minute rest break, and regularly worked more than six (6) hours in a day without a second ten (10) minute rest break.

60.     At all times relevant to this action, Defendants did not pay Plaintiffs and, on information and belief, the Class rest break premium wages for late, short or missed rest breaks.

61.     At all times relevant to this action, Plaintiffs and members of the Class were required to use tools and equipment, including scissors and gloves, to carry out their daily work functions.

62.     Defendants failed to provide such tools and equipment in adequate quantities to Plaintiffs and members of the Class, and failed to disclose in the working arrangement that Plaintiffs, and others similarly situated, would be required to make expenditures for such tools and equipment.

63.     Instead, Plaintiffs and, on information and belief, members of the Class were required to purchase and maintain tools and equipment, including scissors and gloves, over the course of their employments with Defendants without reimbursement for such necessary business expenses.

64.     Despite providing their own tools to carry out their daily work, Plaintiffs and, members of the Class were not paid twice the California minimum wage as required by Wage Order 14, nor provided the tools without charge as required by the terms of the AWPA working arrangement.

65.     Defendants' statements and postings concerning the terms and conditions of employment were false and misleading, including by failing to disclose that Defendants' timekeeping practice and policy was solely to record the time between the scheduled start and scheduled end of shifts with deductions for meal periods without regard, or compensation for, the hours actually worked.

66.     On information and belief, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and the Class were entitled to receive complete and accurate wage statements in accordance with the AWPA and California law.

67.     Defendants failed to provide Plaintiffs and the Class with accurate itemized wage statements and failed to make, keep, and maintain accurate records showing when employees begin and end each work period, when employees begin and end each meal period, employees' total hours worked, piece rate units earned, and all applicable rates of pay.  Plaintiffs' and members of the Class' itemized wage statements falsely state the beginning and end of each work period and total hours worked because they fail to incorporate time spent working off-the-clock, prior to the scheduled start or after the scheduled end of Defendants' workdays, as suffered and permitted by Defendants.

68.     At times relevant to this action, when Plaintiffs and, on information and belief, members of the Class earned piece rate compensation during the harvest seasons, their itemized wage

12

statements failed to separately state the total hours of compensable rest and recovery periods, the rate of compensation of compensable rest and recovery periods, and the gross wages paid for compensable rest and recovery periods during the pay period.

69.     Additionally, when Plaintiffs and, on information and belief, members of the Class earned piece rate compensation during the harvest seasons, their itemized wage statements failed to separately state the total hours of nonproductive time, the rate of compensation of nonproductive time, and the gross wages paid for nonproductive time during the pay period.  Finally, Plaintiffs' and, on information and belief, members of the Class' itemized wage statements during pay periods in which they earned piece rate compensation erroneously itemize and/or categorize rest and recovery periods as "Non Prod Time."

70.     At times relevant to this action, itemized wage statements issued to Plaintiffs and, on information and belief, members of the Class by Defendants failed to accurately set forth the amount of accrued paid sick leave available for use by Plaintiffs and members of the Class, failed to accurately set forth periodic accrual of paid sick days at the rate of at least one hour per every thirty (30) hours worked, or held a negative balance of paid sick days against Plaintiffs and members of the Class.

71.     On information and belief, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs were entitled to inspect or receive a copy of records pertaining to their employment, upon reasonable request to Defendants, within no later than thirty (30) calendar days from the date of the request.

72.     On November 26, 2018, Plaintiffs sent written correspondence to Defendants requesting inspection or a copy of records pertaining to their employment.  More than twenty-one (21) calendar days have passed since Plaintiffs requested records pursuant to Labor Code section 226, and more than thirty (30) days have passed since Plaintiffs requested their records pursuant to Labor Code section 1198.5.

73.     To date, Defendants have yet to permit inspection or provide a copy of Plaintiffs' employment records.

74.     In or about November 2018, Defendants informed Plaintiffs that their seasonal employment would end.

75.     In 2019, Plaintiffs were recruited, re-hired and returned for another season of their seasonal employment on Defendant ANTHONY's property.

76.     On information and belief, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to receive all wages owed to them at the end of their seasonal employment.  Plaintiffs and, on information and belief, members of the Class did not receive payment of all wages, including off-the-clock wages, reporting time wages, and meal period and rest break premium wages, within the timeframes permissible for resigned, laid off, and/or terminated employees.

77.     On information and belief, the abuses suffered by Plaintiffs and members of the Class were in no way unique to them but were instead widespread and systemic and the result of a common policy or plan.  On information and belief, at all times relevant to this action, Defendants engaged in a uniform policy and systematic scheme of wage abuse against non-exempt field worker employees within the State of California which resulted in the violations alleged here.

78.     On information and belief, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that they had a duty to compensate Plaintiffs and members of the Class pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the Class that they were properly paid all wages, in order to increase Defendants' profits and obtain an unfair advantage over Defendants' competition.

## VI.     CLASS ACTION ALLEGATIONS

79.     Plaintiffs bring this action individually and as a class action under Federal Rule of Civil Procedure 23 on behalf of the following class:

> All non-exempt agricultural employees who performed field or vineyard work in the production of table grapes—including, but not limited to, tasks such as weeding, pruning, de-leafing, tipping, harvesting, picking, and packing—at Anthony Vineyards in California during the period four (4) years prior to the filing of the initial complaint in this action through the date of this action's final disposition.

80.     **Numerosity:**  The Proposed Class is so numerous that joinder of all members is impracticable.  On information and belief, at all times relevant to this action, Defendants have

---

14

employed thousands of individuals who satisfy the definition of the Proposed Class. These workers are geographically dispersed throughout the state, the country, as well as in parts of Mexico. The majority workers are low-income, are not native English-language speakers, and are unlikely to be informed of their rights and able to pursue an action independently and without Court notice. The Class Members are so numerous that joinder of all Class Members is impracticable. The individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

81. **Typicality:** Plaintiffs' claims are typical of all other Class Members as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the other Class Members with whom Plaintiffs have a well-defined community of interest.

82. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of each Class Member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no interests that are antagonistic to the other Class Members. Plaintiffs' attorneys, the proposed Class Counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member. Plaintiffs have retained competent counsel experienced in wage and hour class action litigation.

83. **Predominant Common Questions:** Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class.

84. Common questions of fact and law predominate, including the following:

a. The terms of the AWPA working arrangement, whether they were false and misleading, and whether Defendants violated the terms of the AWPA working arrangement without adequate justification;

b. Whether Defendants violated the wage statement and recordkeeping provisions of the AWPA by failing to record and compensate Plaintiffs, and others similarly situated, for all work performed;

c.   Whether Defendants suffered and permitted Plaintiffs and the Class to work off-the-clock before regularly scheduled shifts, during unpaid thirty (30) minute meal periods, and after regularly scheduled shifts, and failed to compensate them at the statutory, minimum, and/or agreed-upon wage and/or piece rates, in violation of the AWPA working arrangement, Wage Order 14, Labor Code §§ 204b, 226.2, 1194, 1194.2, 1197, 1198, and California law;

d.   Whether Defendants suffered and permitted Plaintiffs and the Class to report for work, but did not put them to work or furnished less than half their usual or scheduled day's work, and failed to pay Plaintiffs and the Class for half their usual or scheduled day's work at the regular rate of pay, in violation of Wage Order 14, Labor Code § 204, and California law;

e.   Whether Defendants' piece-rate compensation practices and policies fail to provide separate compensation for rest breaks and non-productive time, in violation of the AWPA working arrangement, California Wage Order 14, California Labor Code § 226.2, and California law;

f.   Whether Defendants, as a matter of policy or practice, failed to relieve Plaintiffs and the Class of all duty for unpaid, uninterrupted, thirty (30) minute meal periods before the end of the fifth (5th) hour of work, in violation of the AWPA working arrangement, California Wage Order 14, California Labor Code §§ 226.7 and 512, and California law;

g.   Whether Defendants, as a matter of policy or practice, failed to permit Plaintiffs and the Class to take ten (10) minute rest breaks for each four (4) hour work period, or major portion thereof, in violation of the AWPA working arrangement, California Wage Order 14, California Labor Code § 226.7, and California law;

h.   Whether Defendants' failed to pay Plaintiffs and the Class premium wages for missed or incomplete meal and rest breaks required by the AWPA working arrangement, California Wage Order 14, California Labor Code § 226.7, and California law;

i.   Whether Defendants violated Labor Code § 2802 by failing to provide Plaintiffs and the Class with tools and equipment needed to perform their daily work functions, in violation the AWPA working arrangement, Wage Order 14 and California law;

j.   Whether Defendants failed to timely pay all wages owed to Plaintiffs and the Class upon separation of employment, in violation of California Wage Order 14, California Labor Code §§ 201, 202, and 203, and California law;

k.  Whether Defendants kept complete and accurate payroll records as required by the AWPA recordkeeping requirements, 29 U.S.C. §§ 1821(d) and 1831(c), and the California Labor Code, including *inter alia*, Labor Code § 1174(d);

l.  Whether Defendants knowingly and intentionally failed to provide Plaintiffs and the Class written wage statements that accurately reflect all gross and net wages earned, total hours worked, total hours of compensable rest and recovery periods, the rate of compensation of compensable rest and recovery periods, and the gross wages paid for compensable rest and recovery periods during the pay period, and all deductions made, in violation of the AWPA wage statement provisions, California Wage Order 14, California Labor Code § 226, and California law;

m.  Whether Plaintiffs and the Class are entitled to an injunction pursuant to the AWPA and ensuring compliance with California Labor Code § 226;

n.  Whether Plaintiffs and the Class are entitled to damages and/or injunctive relief pursuant to Labor Code §§ 2810(g)(1)-(2) based on Defendant ANTHONY's violation of Labor Code § 2810(a);

o.  Whether Defendants engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 *et seq.* ("UCL") and are liable to Plaintiffs and the Class pursuant to the UCL for restitution of unpaid or underpaid statutory and/or agreed upon regular, minimum, piece rate, premium and/or contractual wages;

p.  Whether Defendants should be enjoined from maintaining and enforcing the practices and policies that are alleged to have violated Wage Order 14, the Labor Code, and California law; and

q.  The appropriate amount of damages, restitution, and/or penalties earned, due, and/or owing to Plaintiffs and the Class resulting from Defendants' violation of Wage Order 14, the Labor Code, and California law.

85.  **Superiority:**  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against

corporate defendants.  A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court.  A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  The individual monetary amounts due to many class members may not be large enough on their own for individual class members to obtain legal representation and relief.  Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding.  A class action will also provide a means for vindicating the rights of workers who currently provide courier services to Defendants and are less likely to come forward to assert their rights based on fears of reprisal.  Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

86.    Plaintiffs intend to send notice to all members of the Class to the extent permitted or required by Federal Rule of Civil Procedure 23.  The names and addresses of the Class are available from Defendants.

## VII.    CLAIMS FOR RELIEF

### COUNT ONE

Violation of the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA")
(29 U.S.C. §§ 1801 *et seq.* – Rule 23 Class Count)
(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and Rule 23 Class Against All Defendants)

87.    Plaintiffs incorporate paragraphs 10-66, and 70-74 of this Complaint by reference as though fully set forth herein.

88.    Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count One against Defendants ANTHONY, SYCAMORE and GARZA for each season in which they worked for the respective Defendants pursuant to 29 U.S.C. § 1854.  This count is brought as a Rule 23 class claim.

89.    Defendants intentionally violated the rights of Plaintiffs and others similarly situated under the AWPA by:

a. Providing false and misleading information regarding the terms and conditions of employment, in violation of 29 U.S.C. §§ 1821(f) and 1831(e);

b. Violating the terms of the working arrangement, without just cause, made with Plaintiffs and others similarly situated, in violation of 29 U.S.C. §§ 1822(c) and 1832(c); these working arrangements include those terms contained in California Wage Order 14, those posted at the work site;

c. Failing to pay wages when due for unpaid hours worked, and for missed or non-compliant meal periods and rest breaks, in violation of 29 U.S.C. §§ 1822(a) and 1832(a); and

d. Failing to provide workers with accurate, itemized written statements which include the correct number of hours worked, the correct hourly, piece rate, and nonproductive time rates of pay, the correct total pay period earnings, and the correct net pay, in violation of 29 U.S.C. §§ 1821(d) and 1831(c).

90.     Pursuant to California Labor Code § 2810.5, employers must provide notice to employees of their rate(s) of pay, designated pay day, and the basis of wage payment.  As such, Defendants had at the time of Plaintiffs' seasonal recruitment, and continue to have, an obligation to inform Plaintiffs and others similarly situated of such information, including all applicable piece rate and nonproductive time rates of pay.

91.     The failure by Defendants to provide Plaintiffs and the Class notice of these details regarding compensation operates as a violation of AWPA's working arrangement.

92.     Plaintiffs allege that Defendants gave notice to Plaintiffs and, on information and belief, the Class of the kind of work and rates of pay for such work, pursuant to Labor Code § 1695, by posting the rates of pay for each service provided, including the piece rates of pay for piece-rate work, and the hourly rates for hourly work, nonproductive time and rest periods.  California's minimum wage requirements for nonproductive time and compensation for rest periods in a piece-rate compensation system are set forth in Labor Code section 226.2.  Section 226.2 requires that nonproductive time be paid a rate that is not less than the legal minimum wage, and that rest periods

1    be separately compensated at not less than the average hourly rate, as defined in Labor Code section

2    226.2.

3         93.    Plaintiffs allege that Defendants communicated the terms of employment with

4    Plaintiffs by posting the Wage Orders at the job site enumerating specific obligations of the employer

5    with regard to working conditions required by state law, and in particular with regard to: the payment

6    of minimum wages; recordkeeping requirements; provision of meal periods; provision of rest breaks;

7    and application of penalties.

8         94.    Defendants provided false and misleading information regarding the terms and

9    conditions of employment and violated the terms of the working arrangement, in violation of the

10   AWPA.

11        95.    For each violation of AWPA, each Plaintiff is entitled to recover his or her actual

12   damages, or up to $500 per violation in statutory damages, pursuant to 29 U.S.C. § 1854.

13        96.    Wherefore, Plaintiffs request relief as described herein and below.

14                                        **COUNT TWO**

15                            Failure to Pay California Minimum Wages

16           (Cal. Lab. Code §§ 1194, 1194.2, 1197& Wage Orders – Rule 23 Class Count)

     (Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and a Rule 23 Class Against All
17                                        Defendants)

18        97.    Plaintiffs incorporate paragraphs 10-30, 32-46, 49-50, 60, and 73-74 of this

19   Complaint by reference as though fully set forth herein.

20        98.    Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Two against

21   Defendants ANTHONY, SYCAMORE and GARZA pursuant to California Labor Code § 1194(a)

22   to enforce the minimum wage provisions of the California Labor Code.  This count is brought as a

23   Rule 23 class claim.

24        99.    California Labor Code § 1182.12 establishes the following minimum wages:

25        a.    $10.50 per hour for the period January 1, 2017 to December 31, 2017;

26        b.     $11.00 per hour for the period January 1, 2018 to December 31, 2019;

27        c.    $12.00 per hour for the period January 1, 2019 to December 31, 2019; and

28        d.    $13.00 per hour for the period January 1, 2020 to December 31, 2020.

100.    Section 4(A) of Wage Order 14 provides similar guidance regarding the payment of minimum wages.

101.    California Labor Code § 1197 makes payment of a wage lower than the minimum wage fixed by the IWC or by any applicable state or local law to be unlawful.

102.    Section 2(G) of Wage Order 14 defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."

103.    Section 5(A) of Wage Order 14 states that every "workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

104.    At all times relevant to this action, Defendants failed to pay Plaintiffs and others similarly situated at least the mandated applicable California minimum wage for each hour, or portion thereof, which Defendants suffered or permitted to be worked as required by California Labor Code § 1197 and Wage Order 14, 8 Cal. Code Regs. § 11140(3)-(4).

105.    At all times relevant to this action, Defendants failed to compensate Plaintiffs and others similarly situated for all hours worked each workday, failing to record or compensate for hours worked off-the-clock before the start and after the end of Plaintiffs and others similarly situated scheduled shift times, and during the portions of the thirty (30) minute unpaid meal periods in which Plaintiffs and others similarly situated were suffered or permitted to work.

106.    At all times relevant to this action, Defendants failed to compensate Plaintiffs and others similarly situated all reporting time pay owed for each workday where Plaintiffs and others similarly situated were required to report and did report to work, but were not put to work or were furnished less than half their usual or scheduled day's work.

107.    Pursuant to Labor Code section 1194.2, because Plaintiffs seek to recover wages in this action resulting from Defendants' payment of a wage less than the minimum wage fixed by an order of the commission or by statute, they are entitled to recover liquidated damages in an amount

21

1  equal to the wages unlawfully unpaid and interest thereon.

2      108.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, unpaid

3  minimum wages, interest thereon, awards of reasonable costs and attorneys' fees, as well as

4  liquidated damages.

5                              **COUNT THREE**

6              Failure to Provide Meal Periods, or Premium Wages in Lieu Thereof

7                (Cal. Lab. Code §§ 226.7, 512 & Wage Orders – Rule 23 Class Count)

        (Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and a Rule 23 Class Against All
8                                        Defendants)

9      109.    Plaintiffs incorporate paragraphs 10-30, 33, 38-42, 45, 51-53, and 73-74 of this

10  Complaint by reference as though fully set forth herein.

11     110.    Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Three against

12  Defendants ANTHONY, SYCAMORE and GARZA pursuant to California Labor Code §§ 226.7 and

13  512 to enforce the meal period provisions of the California Labor Code.  This count is brought as a

14  Rule 23 class claim.

15     111.    California Labor Code § 512 and Section 11 of Wage Order 14 impose an affirmative

16  obligation on employers to provide employees with an uninterrupted, duty-free, meal period of at

17  least thirty (30) minutes for each work period of five (5) or more hours before the end of the fifth

18  (5th) hour of work.

19     112.    Labor Code § 226.7 and Section 11 of Wage Order 14 require employers to pay

20  employees an additional hour of premium wages at the employee's regular rate of compensation on

21  each workday that the employee is not provided with a meal period.

22     113.    Defendants failed to relieve Plaintiffs and others similarly situated of all duties for

23  uninterrupted meal periods of at least thirty (30) minutes before the end of their fifth (5th) hour of

24  work.

25     114.    Defendants failed to pay premium wages for each workday in which Plaintiffs and

26  others similarly situated were not provided an uninterrupted and timely thirty (30) minute meal

27  period.

28

115.    At all times relevant to this action, Defendants have maintained policies and practices with respect to employee scheduling and meal periods that prevent Plaintiffs and others similarly situated from being relieved of all duties for an uninterrupted meal period of at least thirty (30) minutes before the end of their fifth (5th) hour of work, and that fail to pay them premium wages on workdays in which they are not provided a lawful meal period.

116.    As a result of Defendants' meal period practices, Plaintiffs and others similarly situated are entitled to receive premium wage compensation in an amount equal to one hour of additional wages at the applicable or promised rate of pay for each workday that Defendants failed to provide Plaintiffs and others similarly situated lawful meal periods pursuant to Labor Code § 226.7.

117.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, premium wages, interest thereon, and an award of reasonable costs.

### **COUNT FOUR**

Failure to Provide Rest Breaks, or Premium Wages in Lieu Thereof
(Cal. Lab. Code §§ 226.2, 226.7, 1198 & Wage Orders – Rule 23 Class Count)
(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and a Rule 23 Class Against All Defendants)

118.    Plaintiffs incorporate paragraphs 10-30, 47-48, 54-56, and 73-74 of this Complaint by reference as though fully set forth herein.

119.    Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Four against Defendants ANTHONY, SYCAMORE and GARZA pursuant to California Labor Code § 226.7 to enforce the rest break provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

120.    Section 12 of Wage Order 14 imposes an affirmative obligation on employers to permit and authorize employees to take required uninterrupted rest breaks at a rate of no less than ten (10) minutes for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as is practicable.

121.    California Labor Code § 226.7 and Section 12(C) of Wage Order 14 require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest break.

122.    Defendants did not authorize and permit Plaintiffs and others similarly situated to take uninterrupted rest breaks of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and failed to pay premium wages in lieu of providing lawful rest breaks on such workdays.

123.    At all times relevant to this action, Defendants have maintained policies and practices with respect to employee scheduling and rest breaks that have failed to authorize and/or reasonably permit Plaintiffs and the Class from being relieved of all duties for an uninterrupted rest break of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and which fail to pay them premium wages on workdays in which they are not provided a lawful rest breaks.

124.    As a result of Defendants' rest break practices, Plaintiffs and the Class are entitled to receive premium wage compensation in an amount equal to one hour of additional wages at the applicable contractual rate of pay for each workday that Defendants failed to provide Plaintiffs lawful rest breaks pursuant to Labor Code § 226.7.

125.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, premium wages, interest thereon, and an award of reasonable costs.

**COUNT FIVE**

Failure to Indemnify for Necessary Business Expenditures

(Cal. Lab. Code § 2802 – Rule 23 Class Count)

(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and a Rule 23 Class Against All Defendants)

126.    Plaintiffs incorporate paragraphs 10-30, 57-59, and 73-74 of this Complaint by reference as though fully set forth herein.

127.    Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Five against Defendants ANTHONY, SYCAMORE and GARZA pursuant to California Labor Code § 2802 to enforce the reimbursement and indemnification for business expenses provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

128.     California Labor Code § 2802 requires that all employers indemnify their employees for "all necessary business expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…."

129.     At all times relevant to this action, Plaintiffs and others similarly situated purchased tools and equipment necessary for use in direct consequence of the discharge of their duties including, but not limited to, scissors and gloves.

130.     At all times relevant to this action, Defendants failed to reimburse Plaintiffs and others similarly situated for the expenditures they incurred in purchasing tools and work equipment, including scissors and gloves, necessary for the performance of their jobs, in violation of California Labor Code § 2802.

131.     As such, Plaintiffs seek, on behalf of themselves and others similarly situated, full reimbursement of necessary business expenditures, interest thereon, and awards of reasonable costs and attorneys' fees.

**COUNT SIX**

Failure to Furnish Accurate Itemized Wage Statements

(Cal. Lab. Code §§ 226, 226.2 & Wage Orders – Rule 23 Class Count)

(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and a Rule 23 Class Against Defendants ANTHONY and SYCAMORE)

132.     Plaintiffs incorporate paragraphs 10-66, and 73-74 of this Complaint by reference as though fully set forth herein.

133.     Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Six against Defendants ANTHONY and SYCAMORE pursuant to California Labor Code §§ 226 and 226.2 to enforce the wage statement provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

134.     At all times relevant to this action, the wage statements provided by Defendants to Plaintiffs and the Class failed to contain accurate information required by California Labor Code §§ 226, 226.2, as well as information required under the Healthy Workplaces, Healthy Families Act of 2014, California Labor Code §§ 246, *et seq.*

135.   By failing to pay Plaintiffs and others similarly situated for all off-the-clock hours worked and minimum wages owed, and/or premium wages for unlawfully-provided meal periods and/or rest breaks, Defendants have furnished Plaintiffs and others similarly situated with itemized wage statements that do not accurately reflect, among other things, gross and net wages earned, the total number of hours worked, and the applicable wage rates.

136.   At all times relevant to this action, Defendants have furnished Plaintiffs and others similarly situated with inaccurate itemized wage statements during pay periods in which they earned piece rate compensation during the grape harvest that fail to separately state the total hours of compensable rest and recovery periods, the rate of compensation of compensable rest and recovery periods, and the gross wages paid for compensable rest and recovery periods during the pay period.

137.   Additionally, when Plaintiffs and others similarly situated earned piece rate compensation, their itemized wage statements failed to separately state the total hours of nonproductive time, the rate of compensation of nonproductive time, and the gross wages paid for nonproductive time during the pay period.

138.   Finally, the itemized wage statements of Plaintiffs and others similarly situated during pay periods in which they earned piece rate compensation erroneously itemize and/or categorize rest and recovery periods as "Non Prod Time."

139.   On information and belief, Defendants failed to accurately state the amount of accrued paid sick days available to Plaintiffs and others similarly situated in either itemized wage statements or a separate writing given each pay period.

140.   At all times relevant to this action, Defendants' failure to provide accurate itemized wage statements has been knowing and intentional, in that Defendants have had the ability to provide accurate itemized wage statements, but have instead knowingly and intentionally provided inaccurate wage statements as a result of policies and practices that failed to keep accurate records of all hours worked, and the total amount of minimum and premium wages owed, and all applicable rates of pay.

141.   At all times relevant to this action, Plaintiffs and the Class have suffered injuries due to Defendants' failure to provide accurate itemized wage statements in that, among other things, their

1  legal rights to receive accurate itemized wage statements have been violated, they have been misled

2  about the amounts of wages they have earned, they have been prevented from immediately

3  challenging allegedly unlawful pay practices, they have needed or will need to reconstruct time and

4  pay records and perform mathematical computations to determine the amounts of wages they have

5  earned or the applicable rates of pay, and/or have had inaccurate information about their wages and

6  deductions submitted to government agencies.

7      142.    Pursuant to California Labor Code § 226(e), Plaintiffs seek to recover, on behalf of

8  themselves and the Class, the greater of actual damages or $50 for the initial pay period in which a

9  violation occurred, the greater of actual damages or $100 for each violation in a subsequent pay

10  period, up to the greater of actual damages or an aggregate $4,000 penalty, as well as awards of

11  reasonable attorneys' fees and costs, all in amounts subject to proof.

12      143.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated,

13  statutory wage statement penalties, and awards of reasonable costs and attorneys' fees.

**COUNT SEVEN**

Failure to Permit Inspection or Copying of Records

<u>(Cal. Lab. Code §§ 226 & 1198.5)</u>

(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ Individually Against Defendant SYCAMORE)

18      144.    Plaintiffs incorporate paragraphs 10-30, and 67-69 of this Complaint by reference as

19  though fully set forth herein.

20      145.    Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Seven

21  pursuant to California Labor Code §§ 226(f) and 1198.5(k) against Defendant SYCAMORE.

22      146.    On November 26, 2018, Plaintiffs, in an effort to uncover further information

23  supporting their suspicions regarding Defendants unlawful pay practices, sent Defendants a written

24  request pursuant to California Labor Code §§ 226(b) and 1198.5(a) requesting their employment and

25  personnel records.

26      147.    To date, Defendant SYCAMORE has failed to comply with Plaintiffs' written request

27  for inspection or copying of their employment and personnel records pursuant to California Labor

28  Code §§ 226(b) and 1198.5(a).

148.    As such, Plaintiffs seek statutory penalties pursuant to California Labor Code §§ 226(f) and 1198.5(k) on behalf of themselves and others similarly situated, and awards of reasonable costs and attorneys' fees.

**COUNT EIGHT**

Failure to Timely Pay Final Wages at Resignation or Termination
(Cal. Lab. Code §§ 201-203 & Wage Orders – Rule 23 Class Count)

(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and a Rule 23 Class Against All Defendants)

149.    Plaintiffs incorporate paragraphs 10-30, 32-60, 70-74 of this Complaint by reference as though fully set forth herein.

150.    Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Eight against Defendants ANTHONY, SYCAMORE and GARZA pursuant to California Labor Code §§ 201-203 to enforce the provisions governing the prompt payment of wages upon the separation of employment of the California Labor Code.  This count is brought as a Rule 23 class claim.

151.    California Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

152.    California Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least seventy-two (72) hours' notice before quitting, or within seventy-two (72) hours of quitting if the employee gives less than seventy-two (72) hours' notice before quitting.

153.    California Labor Code § 203 provides that the wages of a terminated employee will continue as a penalty for up to thirty (30) calendar days if the employer willfully fails to timely pay any earned and unpaid wages to the employee in the times set forth in Labor Code §§ 201-202.

154.    By failing to pay Plaintiffs and others similarly situated earned minimum, regular, piece rate, and/or contractual wages, off-the-clock hours worked, and premium wages upon termination or resignation, Defendants failed to timely pay Plaintiffs and others similarly situated all earned and unpaid wages in violation of California Labor Code §§ 201 and 202.

155.    At all times relevant to this action, Defendants' failure to pay earned and unpaid wages in violation of California Labor Code §§ 201 and 202 has been willful in that Defendants have

had the ability to fully comply with the requirements set forth in those statutes, but have deliberately chosen to maintain policies and practices with respect to payroll that are incompatible with those requirements.

156.     Pursuant to California Labor Code § 203, Plaintiffs seek up to thirty (30) days of wages as waiting time penalties in amounts subject to proof.

157.     As such, Plaintiffs seek, on behalf of themselves and others similarly situated, statutory waiting time penalties and an award of reasonable costs.

## **COUNT NINE**

California's Unfair Competition Law ("UCL")

(Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Rule 23 Class Count)

(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and a Rule 23 Class Against All Defendants)

158.     Plaintiffs incorporate paragraphs 10-66, and 70-74 of this Complaint by reference as though fully set forth herein.

159.     Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ hereby bring Count Nine against Defendants ANTHONY, SYCAMORE and GARZA pursuant to California Business & Professions Code §§ 17200 *et seq.* to enforce the provisions prohibiting unlawful and/or unfair business practices of the California Business & Professions Code.

160.     California Business and Professions Code §§ 17200 *et seq.* defines "unfair competition" to include any unlawful business practice.

161.     California Business and Professions Code § 17203 allows a person who has lost money or property as a result of unfair competition to bring an action to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

162.     Plaintiffs sue on behalf of themselves and others similarly situated pursuant to California Business and Professions Code §§ 17200 *et seq.*  Plaintiffs and others similarly situated suffered injury-in-fact and have lost money as a result of Defendants' unfair competition alleged herein.  Specifically, Plaintiffs and others similarly situated were not paid minimum wages as required by California Labor Code §§ 1182.12, 1194, 1197, 1198, and Wage Order 14(3); Plaintiffs and others similarly situated were not provided with meal periods, and/or premium wages in lieu

thereof, in violation of California Labor Code § 226.7 and Wage Order 14(11); Plaintiffs and others similarly situated were not provided with rest breaks, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Order 14(12); Plaintiffs and others similarly situated were not indemnified for necessary business expenditures, in violation of California Labor Code 2802; Plaintiffs and others similarly situated were not provided accurate itemized wage statements in violation of California Labor Code §§ 226 and 226.2; and Plaintiffs and others similarly situated were not paid all wages due upon termination or resignation in violation of California Labor Code §§ 201 and 202.

163.     Pursuant to California Business and Professions Code § 17203, Plaintiffs seek, on behalf of themselves and others similarly situated, restitution of all moneys and property, including, but not limited to, earned minimum and premium wages that Defendants either acquired, and/or may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

164.     On information and belief, at all times relevant to this action, Defendants have either acquired, or may have acquired, money or property in the form of earned minimum wages and premium wages from Plaintiffs and members of the Class by means of unfair competition as a result of Defendants' unlawful failure to pay them those wages, and related failures to maintain accurate records, indemnify for necessary business expenditures, or timely pay final wages at resignation or termination, in violation of the requirements of the California Labor Code and Wage Order 14. Defendants, by the acts or omissions alleged of herein, have injured and are injuring the interests of the general public in that other employers who have been or currently are employing farm workers and attempting to do so in honest compliance with applicable wage and hour laws, including the laws violated by Defendants, are at an unfair competitive disadvantage as a result of Defendants' conduct.

165.     As such, Plaintiffs seek, on behalf of themselves and others similarly situated, an injunction restraining Defendants from maintaining and enforcing the unfair and/or unlawful practices and policies that have resulted in the violations complained of herein, restitution of Plaintiffs' and the Class' wages, and the economic value of benefits unlawfully denied them by Defendants.

166.   In addition, because Plaintiffs are enforcing important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of attorneys' fees and costs.

**COUNT TEN**

Civil Penalties Under the Private Attorneys General Act ("PAGA")

(Cal. Lab. Code §§ 2698 *et seq.*)

(Plaintiffs MARTINEZ-SANCHEZ & ANTONIO-CRUZ and the PAGA Workforce Against Defendants ANTHONY and SYCAMORE)

167.   Plaintiffs incorporate paragraphs 10-74 of this Complaint by reference as though fully set forth herein.

168.   Plaintiffs MARTINEZ-SANCHEZ and ANTONIO-CRUZ bring Count Ten against Defendants ANTHONY and SYCAMORE pursuant to California Labor Code § 2698 *et seq.* to enforce California's Private Attorney General Act ("PAGA").   This count is brought as a representative PAGA claim.

169.   PAGA permits individuals to recover civil penalties on behalf of themselves and other current or former employees for violations of California's Labor Code pursuant to § 2699(a).

170.   On March 5, 2019, Plaintiffs gave written notice of the facts and theories regarding Defendants' violations of the various provisions of the California Labor Code as alleged in this complaint to the LWDA via online filing and to Defendants by certified mail.

171.   Plaintiffs are aggrieved employees as defined in California Labor Code section 2699(a).   They bring this cause of action on behalf themselves, the State of California, and other current and former aggrieved employees with respect to the violations Plaintiffs and aggrieved employees experienced at all times relevant to this action and as alleged in this complaint.

172.   Plaintiffs have complied with the pre-filing requirements set forth in California Labor Code § 2699.3 by giving written notice to the LWDA and the employer(s)—by certified mail with return receipt requested—of the alleged California Labor Code and Wage Order violations and the specific facts and theories in support thereof.   More than sixty-five (65) days have passed since the notice was given and Plaintiffs are now empowered to act on behalf of the state to enforce the California Labor Code and Wage Orders and collect penalties for violations thereof.

173.   As described in this complaint, Plaintiffs allege that Defendants violated the following provisions of the California Labor Code: sections 1182.12, 1194, and 1197 for failing to pay minimum wages; sections 200, 204, 204b, and 210 for failing to pay all wages owed weekly, semi-monthly or when due; section 204 and Wage Order 14 for failing to furnish reporting time (show up) pay; sections 221 and 223 for secretly paying less than the statutory or contractual rate; section 226.2 for failing to pay all piece rate wages and compensable rest breaks and/or nonproductive time; sections 226, 226.2(a)(2), and 226.3 for providing inaccurate wage statements; sections 226.7, 512 and Wage Order 14 for failing to comply with the meal period and rest break requirements, and failing to pay premium wages in lieu of unprovided meal period and/or rest breaks; sections 1174 and 1174.5 for failing to maintain required accurate payroll records; sections 226 and 1198.5 for failing to permit inspection or copying of employment and/or personnel records; section 2802 for failing to reimburse necessary business expenses; sections  246, 246.5, 247, 247.5, 248.5 for failing to provide paid sick days, show proper accrual of paid sick days, and violating the Healthy Workplaces, Healthy Families Act of 2014; and sections  201-202, and 256 for waiting time penalties based on willful (section 203) failure to pay all wages owed timely upon separation from employment.  In addition, Defendants violated provisions of Wage Order 14 (8 Cal. Code Regs. § 11140), including provisions governing payment for all hours worked, reporting time wages, meal periods and rest breaks, and accurate record-keeping.

174.   As a consequence, Defendants have violated the rights of Plaintiffs and, on information and belief, the rights of other current or former employees who worked for Defendants as non-exempt employees.  Defendants are therefore liable for PAGA penalties for violations of the California Labor Code and Wage Order 14 as described in this Complaint.

175.   Defendants are liable for civil penalties for their failure to compensate for all hours worked, pursuant to California Labor Code §§ 200, 204, 204b, 210, 221, 223, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2699(f) and 2698 *et seq.*

176.   Defendants are liable for civil penalties for reporting time violations, within the meaning of Wage Order 14, which includes show up time and travel time, pursuant to California

Labor Code §§ 200, 204, 210, 221, 223, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2699(f) and 2698 *et seq.*

177. Defendants are liable for civil penalties for violating the meal period and rest break requirements of Wage Order 14 pursuant to California Labor Code §§ 226.7, 512, 558, 2699(f) and 2698 *et seq.*

178. Defendants are liable for civil penalties for failing to indemnify for necessary business expenditures as required by of Wage Order 14 pursuant to California Labor Code §§ 2802, 2699(f) and 2698 *et seq.*

179. Defendants are liable for civil penalties for failing to provide accurate wage statements and for violating California's sick pay law, pursuant to California Labor Code §§ 226, 226.2, 246, 246.5, 247, 247.5, 248.5, 1174, 1174.5, 2699(f) and 2698 *et seq.*

180. Defendants are liable for civil penalties for failing to permit inspection or copying of employment and/or personnel records, pursuant to California Labor Code §§ 226(f), 1198.5(k), 2699(f) and 2698 *et seq.*

181. Defendants are liable for civil penalties for failing to pay all wages owed timely upon separation from employment, pursuant to California Labor Code §§ 201, 202, 203, 256, 1197.1, 2699(f) and 2698 *et seq.*

182. PAGA permits Plaintiffs to recover civil penalties on behalf of themselves, the State of California and other current or former employees, plus attorneys' fees, interest, and costs for violations of the Labor Code. Cal. Labor Code §§ 2699 *et seq.*

183. As such, Plaintiffs seek civil penalties, interest thereon, and awards of reasonable costs and attorney's fees on behalf of themselves, the State of California and other current or former employees.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendants and relief as follows:

a) That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

b) That the Court certify the class defined herein;

33

c) For an order appointing Plaintiffs as class representatives, and Plaintiffs' Counsel as class counsel;

d) Under Count One:

    1. Grant judgment against Defendants ANTHONY, SYCAMORE and GARZA, jointly and severally during their respective years as employers, and in favor of Plaintiffs MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, in an amount equal to their actual damages or statutory damages of up to $500, whichever is greater, pursuant to 29 U.S.C. § 1854(c), for Defendants' breach of the following provisions of AWPA:

        i. Wage payment;

        ii. Recordkeeping;

        iii. False and misleading disclosures; and

        iv. Working arrangement.

    2. Declare that Defendants ANTHONY, SYCAMORE and GARZA have violated the Migrant & Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.* as described above.

    3. Enjoin Defendants ANTHONY, SYCAMORE and GARZA from further violating the Migrant and Seasonal Agricultural Worker Protection Act.

e) Under Count Two:

    1. Grant judgment against Defendants ANTHONY, SYCAMORE and GARZA, jointly and severally during their respective years as employers, and in favor of Plaintiffs MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, for violations of California Labor Code §§ 1182.11-1182.13, and 1197, such that:

        i. Plaintiffs and the Class receive the full unpaid balance of their wages owed, as well as liquidated damages in the amount of their minimum wage loss, during the Class Period for the violation of their right to minimum wages pursuant to California Labor Code §§ 1194, 1194.2 and 1197.

        ii. Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's minimum wage requirements.

2.      Find that Defendant ANTHONY is liable as a client-employer for the violations under Count Two pursuant to under California Labor Code § 2810.3.

3.      Award Plaintiffs and the Class attorneys' fees and costs pursuant to California Labor Code § 1194(a).

f)    Under Count Three:

1.      Grant judgment against Defendants ANTHONY, SYCAMORE and GARZA, jointly and severally during their respective years as employers, and in favor of Plaintiffs MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, for violations of California Labor Code §§ 226.7 and 512 such that:

     i.     Plaintiffs and the Class receive the full unpaid balance of their premium wages owed during the Class Period.

     ii.    Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's meal period requirements.

2.      Find that Defendant ANTHONY is liable as a client-employer for the violations under Count Three pursuant to under California Labor Code § 2810.3.

g)    Under Count Four:

1.      Grant judgment against Defendants ANTHONY, SYCAMORE and GARZA, jointly and severally during their respective years as employers, and in favor of Plaintiffs MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, for violations of California Labor Code § 226.7 such that:

     i)     Plaintiffs and the Class receive the full unpaid balance of their premium wages owed during the Class Period.

     ii)    Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's rest break requirements.

2.      Find that Defendant ANTHONY is liable as a client-employer for the violations under Count Four pursuant to under California Labor Code § 2810.3.

h)    Under Count Five:

1.      Grant judgment against Defendants ANTHONY, SYCAMORE and GARZA, jointly

35

and severally during their respective years as employers, and in favor of Plaintiffs MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, for violations of California Labor Code § 2802 such that:

    i)    Plaintiffs and the Class receive restitution for all monies spent on work-related expenses during the Class Period.

    ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's expense reimbursement requirements.

2.    Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 2802(c).

i)    Under Count Six:

1.    Grant judgment against Defendants ANTHONY and SYCAMORE, jointly and severally during their respective years as employers, and in favor of Plaintiffs MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, for violation of California Labor Code §§ 226 and 226.2 such that:

    i)    Plaintiffs and the Class receive the greater of their actual damages or $50 for the initial pay period in which a wage statement violation occurred, the greater of actual damages or $100 for each wage statement violation in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty.

    ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's wage statement requirements.

2.    Find that Defendant ANTHONY is liable as a client-employer for the violations under Count Six pursuant to under California Labor Code § 2810.3; and

3.    Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code §§ 226(e) and 226(h).

j)    Under Count Seven:

1.    Grant judgment against Defendant SYCAMORE and in favor of Plaintiffs MARTINEZ-SANCHEZ and ANTONIO CRUZ for violations of California Labor Code § 226(f) and 1198.5(k) such that:

1    i)    Plaintiffs receive penalties in the amount of $750 for being denied the ability and

2          right to inspect or receive a copy of their records.

3    ii)   Plaintiffs receive penalties in the amount of $750 for being denied the ability and

4          right to inspect or receive a copy of their personnel records.

5  k)  Under Count Eight:

6      1.    Grant judgment against Defendants ANTHONY, SYCAMORE and GARZA, jointly

7  and severally during their respective years as employers, and in favor of Plaintiffs

8  MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, for violations of California

9  Labor Code §§ 201 such that:

10    i)    Plaintiffs and the Class receive damages pursuant to California Labor Code § 203 in

11          the amount of one day's wages, up to a maximum of 30 day's wages, per employee

12          who was terminated or left their employment with Defendants without timely

13          receiving all outstanding wages due to them on each such termination or separation

14          of employment.

15    ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring

16          Defendants to comply with the requirement to timely pay all wages owing within the

17          time periods set by California Labor Code § 201 at the end of a worker's

18          employment.

19      2.    Find that Defendant ANTHONY is liable as a client-employer for the violations

20  under Count Eight pursuant to under California Labor Code § 2810.3.

21  l)  Under Count Nine:

22      1.    Grant judgment against Defendants ANTHONY, SYCAMORE and GARZA, jointly

23  and severally during their respective years as employers, and in favor of Plaintiffs

24  MARTINEZ-SANCHEZ and ANTONIO CRUZ and the Class, for violations of California

25  Business & Professions Code §§ 17200 *et seq.* such that:

26    i)    Plaintiffs and the Class receive all wages that they were unlawfully deprived of due

27          to Defendants' unfair business practices.

28    ii)   Plaintiffs and the Class recover wages as equitable relief for a period that extends the

1    statute of limitations or recovery period for wages to four (4) years.

2    2.    For declaratory judgment that the actions, conduct, and practices of Defendants

3    complained of herein constitute unfair business practices under California Business &

4    Professions Code §§ 17200 *et seq.*

5    3.    For an injunction and order permanently restraining and enjoining Defendants from

6    engaging in and continuing the unlawful and/or unfair policies and practices complained of

7    herein.

8    4.    Award attorneys' fees and costs pursuant to California Code of Civil Procedure

9    § 1021.5, as the Plaintiffs are enforcing an important right affecting the public interest.

10   m)    Under Count Ten:

11   1.    Grant judgment against Defendants ANTHONY and SYCAMORE, jointly and

12   severally during their respective years as employers, and in favor of Plaintiffs MARTINEZ-

13   SANCHEZ and ANTONIO CRUZ and the PAGA Workforce, for violations of California

14   Labor Code §§ 2699 *et seq.* such that:

15   i)    Plaintiffs and the PAGA Workforce receive civil penalties payable to the State of

16        California, Plaintiffs, and other current or former aggrieved employees for each

17        violation of the California Labor Code and Wage Order 14 as described in this

18        Complaint, including, but not limited to, penalties under California Labor Code

19        §§ 200, 201-203, 204, 204b, 210, 221, 223, 226, 226.2, 226.3, 246, 246.5, 247,

20        247.5, 248.5, 256, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197,

21        1197.1, 1198, 1198.5, 2699(f) and 2698 *et seq.*

22   2.    Find that Plaintiffs are aggrieved employees within the meaning of California Labor

23   Code §§ 2699 *et seq.*;

24   3.    Find that Defendant ANTHONY is liable as a client-employer under California

25   Labor Code § 2810.3; and

26   4.    Award Plaintiffs and the PAGA Workforce attorneys' fees and costs pursuant to

27   California Labor Code § 2699(g).

28   n)    Awarding Plaintiffs and the Class pre-judgment interest of ten percent (10%) on the unpaid

wages and compensation owed to Plaintiffs and the Class under California Civil Code §§ 3287(a) and 3289(b), California Labor Code §§ 218.6, 1194 and 2802(b), and/or any other applicable provision providing for interest;

o)   Granting declaratory relief as appropriate;

p)   Casting all costs upon Defendants; and

q)   Awarding any such other and further relief, at law or in equity, as the Court deems just and proper.

## IX.   DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on claims so triable.


Dated:  December 12, 2019                              **ADVOCATES FOR WORKER RIGHTS LLP**

                                                       By: */s/  Eric S. Trabucco*
                                                       _____
                                                       Marco A. Palau
                                                       Joseph D. Sutton
                                                       Eric S. Trabucco
                                                       Attorney for Plaintiffs


Dated:  December 12, 2019                              **LAW OFFICES OF SANTOS GOMEZ**

                                                       By:
                                                       Dawson Morton
                                                       Santos Gomez
                                                       Attorney for Plaintiffs