# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIANA MARTINEZ-SANCHEZ, et al., <br>             Plaintiffs, <br> v. <br> ANTHONY VINEYARDS, INC., et al., <br>             Defendants. | Case No.: 1:19-CV-01404-DAD-JLT <br><br> ORDERDENYING STIPULATION TO AMEND THE CASE SCHEDULE <br> (Doc. 36) |

Counsel have stipulated to amend the case schedule. (Doc. 36). They assert that they have diligently attempted to complete discovery within the current deadlines, but it appears that all that has occurred is that the plaintiffs have propounded written discovery requests. Id. Inexplicably, counsel spent four months meeting-and-conferring over the language of a protective order. Id. Because three months passed after the scheduling conference before the plaintiffs propounded the discovery, the Court is at an absolute loss to understand how counsel believed that could burn up an additional four months of discovery time debating the language of a protective order.

When counsel first reported this dispute in July, they had not completed their meet-and-confer effort. (Doc. 32) In response, the Court urged them to "redouble" their efforts to complete discovery within the current deadlines. (Doc. 33) Rather than doing this, they squandered another six weeks drafting the protective order, without conducting any discovery. The effort to draft a

1

protective order should not have taken four months; four days should have been enough given the petty differences counsel explained in July (*See* Doc. 32).

It appears counsel believes that the scheduling order isn't an order at all; it is.  The fact that they chose to treat it as an suggestion is their undoing. The Court will not allow its orders to be disregarded without consequence.  More importantly, counsel have failed to demonstrate any actual diligence in discovering this case and absent this, they have failed to demonstrate that the scheduld should be amended. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  . Thus, counsel SHALL meet the current deadlines and the stipulation is DENIED.

IT IS SO ORDERED.

Dated:   **September 16, 2020**                      /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE