UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIANA MARTINEZ-SANCHEZ, et al., <br>       Plaintiffs, <br>   v. <br> ANTHONY VINEYARDS, INC., et al., <br>       Defendants. | Case No.: 1:19-cv-01404-DAD-JLT <br><br> FINDINGS AND RECOMMENDATIONS GRANTING IN PART DEFENDANTS' MOTION TO STRIKE <br><br> (Doc. 81) |

On October 22, 2021, Defendants filed a motion to strike Plaintiffs' PAGA representative allegations, alleging that this claim cannot be manageably tried because of the predominant individualized issues required to decide liability. (Doc. 81.)[1] Plaintiffs filed an opposition to the motion to strike on November 23, 2021. (Doc. 87.) On November 30, 2021, Defendants filed a reply. (Doc. 88.) For the following reasons, the Court recommends that the motion be granted in part.

**I.    Relevant Background**

On March 5, 2019, Plaintiffs submitted a notice of claims to Defendants and the State of California pursuant to California Labor Code Private Attorney General Act ("PAGA") (Cal. Lab. Code §§ 2689, *et seq.*). (Doc. 67-35.) Thereafter, on October 4, 2019, Plaintiffs filed this putative class action, which includes a claim for civil penalties pursuant to PAGA. (Doc. 1.) Subsequently, on

---

[1] The motion to strike was referred for issuance of findings and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). (Doc. 83.)

December 12, 2019, Plaintiffs filed their operative first amended complaint. (Doc. 6.) Defendants filed their answer on December 23, 2019. (Doc. 7.) Plaintiffs filed a motion for class certification (Doc. 66), and on November 18, 2021, the Court issued findings and recommendations to grant in part the motion (Doc. 86).

On October 22, 2021, Defendants filed the instant motion to strike. (Doc. 81.) Plaintiffs filed an opposition to the motion to strike on November 23, 2021. (Doc. 87.) On November 30, 2021, Defendants filed a reply. (Doc. 88.)

**II.     Legal Standards**

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney– Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005). In reviewing a motion to strike, the court must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004).

Under PAGA, an "aggrieved employee" may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations, (Cal. Lab. Code, § 2699(a)). Recovery under PAGA is predicated on plaintiff first establishing defendant violated the Labor Code. *Arias v. Superior Court*, 46 Cal.4th 969, 987 (2009). District courts disagree whether PAGA imposes a manageability requirement *per se* on plaintiffs bringing these representative actions. *Tseng v. Nordstrom, Inc.*, No. CV11-8471-CAS(MRWX), 2016 WL 7403288, at *5 (C.D. Cal. Dec. 19, 2016) (collecting cases).

///

### III.    Discussion and Analysis

Defendants bring this motion to strike the tenth claim for relief in Plaintiffs' first amended complaint for penalties under PAGA. (See generally Doc. 81.) The PAGA claim seeks to litigate a series of alleged Labor Code violations.

Suits brought under PAGA must be representative actions. (See Lab.Code, § 2699, subd. (g)(1) (plaintiff must sue "on behalf of himself . . . and other current or former employees" injured by employer's violations)). PAGA requires that the representative plaintiff establish that the employer has committed the Labor Code violations for which recovery is sought against the aggrieved employees. At least one violation must have been committed against the representative plaintiff. (Lab.Code, § 2699, subds.(a) & (c); *see also Arias v. Superior Court*, 46 Cal.4th 969, 987 (2009).) Federal district courts have held that PAGA claims can be struck if they would be unmanageable at trial. *See*, *e.g.*, *Amiri v. Cox Commc'ns California, LLC*, 272 F. Supp. 3d 1187, 1194-95 (C.D. Cal. 2017); *Brown v. Am. Airlines, Inc.*, No. CV 10-8431-AG (PJWX), 2015 WL 6735217, at *4 (C.D. Cal. Oct. 5, 2015) ("The Court finds manageability issues exist regarding PAGA overtime claims here. There appears to be too many individualized assessments to determine PAGA violations concerning overtime pay."); *Litty v. Merrill Lynch & Co.*, No. CV 14-0425 PA PJWX, 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014) ("PAGA representative action allegations can be stricken where such claims would be unmanageable."); *Ortiz v. CVS Caremark Corp.*, No. C-12-05859 EDL, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014) (PAGA claim unmanageable because "a multitude of individualized assessments would be necessary").

The Court previously issued findings and recommendations to grant in part Plaintiffs' motion for class certification. (Doc. 86.) Concerning that order, the Court has already found that this action is inappropriate for class action treatment as to particular issues, but the earlier certification analysis under Rule 23 does not necessarily determine the outcome here. Even if Rule 23 did not apply to PAGA representative claims, such claims can be stricken if they are found to be "unmanageable." *See Litty v. Merrill Lynch & Co.,* No. CV-14-0425-PA, WL 5904904 at *3 (C.D. Cal. Nov. 10, 2014).

As an initial matter, Plaintiffs allege that Defendants' motion fails to cite the Federal Rule of Civil Procedure pursuant to which the requested relief is sought, and Plaintiffs read Defendants'

motion as moving the Court for an order striking the tenth count pursuant to Rule 12(f). (Doc. 87 at 2, n.1.) Plaintiffs argue that under Rule 12(f)(2), the motion should have been noticed before Defendants filed an answer, which it was not in this case since Defendants responded to Plaintiffs' operative complaint (including the PAGA allegations) nearly two years ago. (Doc. 87 at 4.) In reply, Defendants assert that the motion to strike is not an initial challenge to the pleadings under Rule 12(f), but instead, Defendants move to strike Plaintiffs' PAGA claim on the ground it could not be manageably tried because of the predominant individualized issues required to decide liability. (Doc. 88 at 2.)

Plaintiffs seem to suggest that the PAGA allegations should be stricken at the pleadings stage, prior to Defendants filing an answer. However, though class allegations can be stricken at the pleadings stage if the claim could not possibly proceed on a classwide basis, "it is in fact rare to do so in advance of a motion for class certification." *Cholakyan v. Mercedes—Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011); *see also Moreno v. Baca,* No. CV007149ABC (CWx), 2000 WL 33356835, *2 (C.D.Cal.2000) (holding that defendants' motion to strike class allegations was premature because no motion for class certification had been filed). Because Defendants' motion is not an initial challenge to the pleadings under Rule 12(f), but rather is requesting to strike Plaintiffs' PAGA claim on the ground that it could not be manageably tried, it can appropriately be brought after the motion for class certification. *See Beauperthuy v. 24 Hour Fitness USA, Inc.,* No. 06–0715 SC, 2006 WL 3422198, *3 (N.D. Cal. Nov. 28, 2006) (finding that a motion to strike class allegations from a complaint "is an improper attempt to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete").

The specifics of this lawsuit convince the Court to grant in part and deny in part the motion. Regarding the unpaid wages claim for alleged pre- and post-shift work, the Court found previously that this claim meets the requirements of Rule 23. (Doc. 87 at 9; see Doc. 86 at 22-26.) In its motion to strike, Defendants argue that Plaintiffs' unpaid wages claims cannot be manageably tried because individualized proof of liability will be needed. (Doc. 81-1 at 16-20.) Defendants' arguments regarding liability for PAGA penalties for the off-the-clock work and unpaid reporting time claims center around Plaintiffs alleged failure to establish that Defendants had a common policy or practice to

render the claims manageable at trial. (See id.) However, the Court evaluated whether Defendants implemented a uniform practice and found Plaintiffs raised common questions as to this issue.

As Plaintiffs allege, Defendants used an imprecise timekeeping system that failed to account for work performed before and after the shift. (Doc. 87 at 9.) According to the evidence, Sycamore Labor maintained a uniform method of physically recording field worker schedule and production information in the form of dailies, which are filled out for each crew stating the total hours credited to field workers based on the common schedule for that day. (Doc. 67-21, Rodriguez Depo. at 170:2-16; 189:18-190:3; Ex. 4 at 2-5.) Rather than noting the specific shift start, break, lunch, or shift end times for each employee, the times written by foremen or assistant foremen on dailies were simply a reflection of the pre-determined schedule applicable to all crews for the day. (Doc. 67, Trabucco Decl. ¶ 23; Doc. 67-19, Loeffel Depo. at 98:17-20; Doc. 67-21, Rodriguez Depo. at 161:25-163:5; Ex. 4 at 2-5.)

Regarding pre-shift work, the evidence demonstrates that the workers were uniformly required to attend a training and to sign in on dailies before the shift start time and sign other sheets certifying attendance at the training. (See Doc. 67-26, Moreno Depo. at 37:3-41:5.) Training is mandatory, and the foreman conduct it every day. (Trabucco Decl. ¶ 24; Doc. 67-26, Moreno Depo. at 40:23-25.) The class representative testified that everyone on the crew would arrive early in the morning, about 15 minutes before their shift, to collect materials and supplies for the day and to attend school. (Doc. 67-27, Sanchez Depo. at 25:7-13.)

A similar practice occurred at the end of the workday when box checkers were required to scan final packed boxes to credit employees for their work. During the harvest, foremen would make an announcement approximately 15 minutes before the end of the shift, prompting field workers to stop picking, and for groups to work together to finish packing their final box(es) of already-clipped bunches of grapes, while remaining present to ensure that the box checker credits their last box(es) in writing. (Doc. 67- 18, Loeffel Depo. at 91:23-92:12; Doc. 67-21, Rodriguez Depo. at 156:25-158:6, 158:10-160:18; Doc, 67-24, Eddy Depo. at 62:7-63:16; Doc. 67-25, Rodriguez Depo. at 157:1-23.) However, because it took more time than allotted for box checkers to attend to every row and scan their final packed boxes, field workers routinely were incentivized to wait until after the end of the

1  shift to be credited by box checkers. (Doc. 67-27, Sanchez Depo. at 27:12-21; 29:3-15; Doc. 67-23,
2  Alvidrez Depo. at 85:7-15, 119:21-120:12; Martinez Decl. at ¶¶ 8-9.)

3  Plaintiffs contend that PAGA penalties may be established at trial by presenting this evidence,
4  as well as payroll evidence containing the number of employees and pay periods for which a civil
5  penalty is owed. (Doc. 87 at 9.) Plaintiffs further allege that the length of time that was unpaid is
6  immaterial for purposes of PAGA penalties; under Labor Code § 1197.1, the civil penalty is a fixed
7  amount for each underpaid employee for each pay period the employee is underpaid. (Id.)

8  The essence of this contention is that there are alleged PAGA penalties for not paying for pre-
9  and post-shift work. The evidence demonstrates that Defendants utilized a uniform method for
10 creating time records, using pre-determined schedules applicable to all crews instead of recording the
11 specific start and end times for each employee. Based on manageability issues, and taking into
12 consideration the Court's previous analysis in the findings and recommendations for class
13 certification, the Court is convinced that Plaintiffs' PAGA claims can go forward regarding
14 uncompensated work performed pre- and post-shift. *See*, *e.g.*, *Brown v. Am. Airlines, Inc.*, No. CV 10-
15 8431-AG (PJWX), 2015 WL 6735217, at *4 (C.D. Cal. Oct. 5, 2015).

16 The other claims Defendants move to strike related to the PAGA claim for penalties include
17 the following: meal period and rest break violations, failure to reimburse for tools and equipment,
18 failure to issue accurate wage statements, failure to pay wages owed at termination, and failure to
19 permit the inspection of employment records. (Doc. 81-1 at 20-23.) In the findings and
20 recommendations on Plaintiffs' motion for class certification, the Court analyzed Plaintiffs' claims
21 and generally found that there were concerns regarding individual inquiries predominating. The Court
22 finds manageability issues exist regarding these PAGA claims.

23 As to the meal and rest break allegations, Defendants assert that these claims would be
24 unmanageable as the Court would be left to determine whether hundreds of thousands of meal and rest
25 breaks were taken in accordance with California law. (Doc. 81-1 at 20-21.) The evidence shows that
26 Defendants provided its employees with 30-minute meal breaks and 10-minute rest breaks during their
27 shifts, and the employees were permitted to take the provided breaks wherever they found suitable,
28 including in the rows. (Defendants' Exh. B, Loeffel Depo. 187:12-18; Defendants' Exh. I, Martinez-

6

1    Sanchez Depo. 41:4-7.) Liability regarding this claim hinges on the amount of time, if any, that
2    employees took to walk to the location they would take their breaks, and there is conflicting evidence
3    as to where the employees chose to take their breaks and how much time it would take to walk to those
4    areas. (Doc. 86 at 29-30; 33.) The Court found that there are important individualized questions
5    regarding whether employees chose to take their breaks in the rows, thus not requiring additional time
6    for walking to a different break area. (See id.) Defendants have made a strong showing that the alleged
7    Labor Code violations rely on unique characteristics of each employee's experience, rather than on
8    policies or practices common to the class. Based on the evidence, in combination with the fact that
9    liability determinations will require individualized inquiries to prove Plaintiffs' PAGA representative
10   claims, the Court finds it appropriate to strike Plaintiffs' PAGA representative claims related to meal
11   and rest breaks as unmanageable. *See Amiri v. Cox Commc'ns California, LLC*, 272 F. Supp. 3d 1187,
12   1195 (C.D. Cal. 2017).

13   Defendants allege that Plaintiffs' PAGA claims for unreimbursed tools and equipment are also
14   unmanageable. (Doc. 81-1 at 22.) The evidence demonstrates that harvest fieldworkers require
15   equipment such as clippers and gloves during the harvest season for their work but does not clearly
16   establish whether Defendants provided equipment in the necessary quantities. (Doc. 86 at 36.) The
17   evidence shows that Sycamore purchased more clippers each harvest season than it had workers (Doc.
18   86 at 35; Doc. 67-33, Plaintiffs' Exh. 37 at 2-12), each foreman keeps extra clippers in his or her
19   trailer (Defendants' Exh. B, Loeffel Depo. 231:10-21; Defendants' Exh. D, Rodriguez Depo. 123:23-
20   124:10), and Defendants provide employees with all necessary equipment to do their job (Defendants'
21   Exh. B, Loeffel Depo. 232:1-7; Defendants' Exh. C, Rodriguez Decl. at ¶ 15). As Defendants allege,
22   Plaintiffs have not established how the Court can determine which workers bought clippers or whether
23   those purchases were necessary. (Doc. 81-1 at 22.) Defendants further allege that Plaintiffs have not
24   established how long clippers last, whether anyone has ever been disciplined for forgetting their
25   clippers, whether clippers are re-used from season to season, or whether some employees bring their
26   own personal clippers to work without telling anyone. (Id.) Defendants argue that Plaintiffs' have not
27   explained how those questions can be answered at trial without the court hearing the testimony of each
28   affected worker. (Id.) The Court found in its findings and recommendations that there would

necessarily be individualized inquiries into whether the employee was sufficiently provided equipment necessary to do their job or if they had to supplement what was provided by the employer with their own individual purchases. (Doc. 86 at 37-38.) The Court would have to engage in a multitude of individualized inquires making the PAGA action unmanageable and inappropriate. Accordingly, this claim for unreimbursed tools and equipment is also unmanageable and should be stricken. *See Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW, 2015 WL 5680310, at *3 (C.D. Cal. Sept. 25, 2015) (dismissing PAGA representative claims, including claim for reimbursement of tools and expenses, as "nothing short of unmanageable").

Plaintiff also seeks PAGA penalties for derivative Labor Code violations including Defendants' alleged failure to provide accurate wage statements and their failure to pay all wages owed timely upon separation of employment. However, the Court found previously that Plaintiffs failed to meaningfully address these claims by taking the position that their waiting time claim and wage statement claim are purely derivative, and Plaintiffs did not even attempt to demonstrate that these claims independently warrant certification under Rule 23. (Doc. 86 at 38-41.) Accordingly, these derivative claims for inaccurate wage statements and the failure to pay wages owed at the time of termination should also be stricken.

Defendants also seek to strike the claim for civil penalties for the failure to permit the inspection of employment records, alleging that Plaintiffs have not defined any group of qualified "aggrieved employees" that made qualifying requests to inspect their employment records. (Doc. 81-1 at 22-23.) Plaintiffs did not specifically oppose Defendants' motion with respect to Defendants' alleged failure to permit the inspection of employment records. (Doc. 88 at 9; see Doc. 87.) The Court construes Plaintiffs' non-opposition to this portion of the motion to strike as a concession that the claim for failure to permit the inspection of employment records be stricken. *See*, *e.g.*, *Otashe Golden, M.D. v. Sound Inpatient Physicians Med. Grp., Inc.*, No. 14-CV-00497-TLN-EFB, 2015 WL 8539034, at *3 (E.D. Cal. Dec. 11, 2015).

**IV.     Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS** that the motion to strike be **GRANTED IN PART**. Plaintiffs' PAGA representative allegations for meal period and rest break

violations, failure to reimburse for tools and equipment, failure to issue accurate wage statements, failure to pay wages owed at termination, and failure to permit the inspection of employment records are **STRICKEN**. As to Plaintiffs' PAGA representative allegations for the unpaid wages claim, the motion is **DENIED**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within fourteen days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **December 6, 2021**                    **/s/ Jennifer L. Thurston**
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE