# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIANA MARTINEZ-SANCHEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY VINEYARDS, INC., et al.,<br><br>Defendants. | Case No. 1:19-cv-01404-ADA-CDB (SAB)<br><br>ORDER GRANTING STIPULATION TO CONTINUE SETTLEMENT CONFERENCE AND CONTINUING SETTLEMENT CONFERENCE TO APRIL 24, 2023<br><br>(ECF Nos. 108, 110) |

Plaintiffs initiated this putative class action on October 3, 2019. (ECF No. 1.) A scheduling order issued on February 21, 2020, setting a settlement conference for January 11, 2022 before Magistrate Judge Stanley A Boone. (ECF No. 30.) The scheduling order was modified once, on December 15, 2020. (ECF No. 43.) On April 30, 2021, Plaintiffs filed a motion to certify class. (ECF No. 66.) On October 22, 2021, Defendants moved to strike PAGA representative allegations. (ECF No. 81.) The magistrate judge has issued findings and recommendations as to both matters (see ECF Nos. 86, 90), which are currently pending before the district judge. On January 5, 2022, in light of the pending motions, the Court continued the January 11, 2022 settlement conference to June 14, 2022. (ECF No. 94.) On June 2, 2022, the Court again continued the settlement conference to September 26, 2022. (ECF No. 105.) And on September 22, 2022, the Court continued the settlement conference to January 11, 2023, and directed the parties to file their confidential settlement briefs at least five days in advance of the conference. (ECF No. 108.) Further, the Court noted that any stipulation requiring continuance of a settlement conference must be filed within that same time period. (ECF No. 108 at 2 n.1.) Each time the settlement conference was continued, the parties proffered that Defendants were

unwilling to consider class resolution of the matter while objections to the findings and recommendations remained pending, and that meaningful settlement negotiations were not possible.

On January 5, 2023, the parties filed a stipulation continuing the settlement conference. (ECF No. 110.) The instant stipulation is substantially similar to prior stipulations to continue the settlement conference: the parties proffer that meaningful settlement negotiations are not possible while the district judge's ruling on the findings and recommendations remains pending and therefore seek to continue the date. In the instant stipulation, the parties request the settlement conference be continued to a date in April 2023, or thereafter.

The Court is not completely satisfied that good cause exists to grant the stipulated request, but shall continue the settlement conference to April 2023. However, the parties are reminded that requests for continuances that are made on the eve of a deadline or thereafter will be looked upon with disfavor and may be denied absent a showing of good cause for the delay in seeking an extension. Furthermore, in light of the procedural posture of the instant case, the parties are admonished for the untimeliness of their stipulation. The findings and recommendations have been pending since the end of 2021, and the settlement conference has been continued multiple times; thus, the parties were aware of the potential need to seek another continuance of the settlement conference well before the deadline to file confidential settlement conference statements. The parties' unnecessary delay in seeking a continuance results not only in the unnecessary expenditure of Court resources, but also delays the Court in adjudicating matters in other cases that are ready to proceed because, absent new information, it must continue to reserve the parties' settlement conference date. The parties cannot wait until the eve of settlement to continue. The Court could have made this time available to other parties who wish to have this Court hear/settle its cases.

Accordingly, pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. The settlement conference set for January 11, 2023, is CONTINUED to **April 24,**

**2023,** at **11:00 a.m.** in **Courtroom 9**;[1]

2. The parties shall file their confidential settlement statements no later than **seven (7) days** prior to the settlement conference; and

3. Any stipulation seeking a continuance of the settlement conference must be filed at least thirty (30) days in advance of the conference.

4. Failure to comply with any part of this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **January 6, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Should the parties require a different date due to the unavailability of counsel or parties, they may meet and confer amongst themselves, coordinate with the Courtroom Deputy to determine the Court's availability, and submit a stipulated request with the Court proposing an alternative date within the next few weeks, not on the eve of settlement.